[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Sriram Saravanan Shanmugavelandy
Plaintiff(s),

v.

University of Texas M.D. Anderson cancer centre
Defendant(s).

18cv5859
Judge Chang
Mag. Judge Cole

Case

**FILED**

AUG 2 7 2018

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Sriram Saravanan Shanmugavelandy of the county of Lake in the state of Illinois.

3. The defendant is University of Texas M.D. Anderson Cancer centre whose street address is 1515 Holcomb Blvd, (city) Houston (county) Harris (state) Texas (ZIP) 77030
(Defendant's telephone number) (888)- 3201796

4. The plaintiff sought employment or was employed by the defendant at (street address) 1881 East Road, 3SCR4.3600 (city) Houston (county) Harris (state) Texas (ZIP code) 77054


[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) September (day) 19, (year) 2017.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑ *has* ☐ *has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) July (day) 17 (year) 2017.

   (ii) ☐ the Illinois Department of Human Rights, on or about (month) _____ (day) _____ (year) _____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) May (day) 30 (year) 2018 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

3

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☑ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): Performance based increment & promotion was denied because of retaliation

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

> I had to leave the job because of they targeting me for retaliation and made my work environment hostile.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

> Facts are listed in my EEOC case — report is attached.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

   (a) ☐ Direct the defendant to hire the plaintiff.

   (b) ☐ Direct the defendant to re-employ the plaintiff.

   (c) ☐ Direct the defendant to promote the plaintiff.

   (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

   (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

   (f) ☐ Direct the defendant to (specify): prolonged Stress from May 2016 to this time. increase in my weight. gave lots of back problems, which is

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]
Rev. 06/27/2016

5

lead to a recent diagnostic of diabetics.

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

Siram Saravanan Shanmugavelandy
(Plaintiff's name)

717, 4th Ave
(Plaintiff's street address)

(City) Libertyville  (State) IL  (ZIP) 60048

(Plaintiff's telephone number) (717) - 307 - 5223

Date: 08/27/18

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Sriram S. Shanmugavelandy<br>1301 Kings Road<br>Kirksville, MO 63501 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2017-03686 | DeAnna Brooks-Torres, Investigator | (713) 651-4971 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Signature_     5/30/201?
for Rayford O. Irvin,     (Date Mailed)
District Director

Enclosures(s)

cc:   Sheri Wakefield      Lowell Keig, Director
Director, EEO and Regulations      Texas Workforce Commission Civil Rights Division
THE UNIVERSITY OF TEXAS, M. D. ANDERSON      101 East 15th St.
CANCER CENTER      Room 144T
EEO and Employment Practices Unit      Austin, TX 78778
7007 Bertner Avenue, Unit 1612
Houston, TX 77030

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA  ☒ EEOC

CHARGE NUMBER:

Texas Workforce Commission and EEOC
*State or local Agency, if any*

S.S. No.

NAME *(Indicate Mr., Ms., Mrs.)*: Mr. Sriram Saravanan Shanmugavelandy

HOME TELEPHONE *(Include Area Code)*: (717) 307-5223

STREET ADDRESS: 1301 Kings Road
CITY, STATE AND ZIP CODE: Kirksville, MO 63501

DATE OF BIRTH: 9/8/1976

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME: The University of Texas MD Anderson Cancer Center
NUMBER OF EMPLOYEES, MEMBERS: +100
TELEPHONE *(Include Area Code)*: 1-888-302-1796

STREET ADDRESS: 1515 Holcomb Blvd.
CITY, STATE AND ZIP CODE: Houston, TX 77030
COUNTY: Harris

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☒ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 9/18/2017
LATEST (ALL): 4/17/2017

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

See Attached "Extra Sheet to the Charge of Discrimination of Sriram Saravanan Shanmugavelandy."

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

*[signature: Denise Treasure]*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 07/17/2017
*[signature]*
Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT
*[signature]*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year): 07/07/17

DENISE TREASURE
Notary Public - Notary Seal
State of Missouri-Adair County
Commission # 14494520
My Commission Expires: November 29, 2018

EEOC FORM 5 (Test 10/94)

**EXTRA SHEET TO THE CHARGE OF DISCRIMINATION OF SRIRAM SARAVANAN SHANMUGAVELANDY**

# EXTRA SHEET TO THE CHARGE OF DISCRIMINATION OF SRIRAM SARAVANAN SHANMUGAVELANDY

I was hired by the MD Anderson Cancer Center as a Research Assistant on April 13, 2015. I was the only Indian male working in Dr. Nikki Millward's lab.

In 2016, I began requesting a promotion so that I could qualify for MD Anderson Cancer Center to apply for a green card for me under the EB1A ("Alien of Extraordinary Ability") category. I also began applying for other positions within MD Anderson Cancer Center because I was told I could apply for any other positions for which I was qualified.

## Denial of Promotion and Pay Discrimination

On or about September 19, 2016, I attended a department meeting in which the department chair announced departmental promotions.

My Department Manager Marcia Richard, who is a female of Caribbean national origin, and my Lab Director Dr. Niki Millward, who is a Caucasian female, promoted a Korean male Research Assistant, but did not promote me. I have significantly more research experience and journal publications than the Korean male Research Assistant who was promoted.

Richard also promoted a Taiwanese female Senior Research Assistant Yu-Hsi-Lin, who worked in Dr. Follerian Muller's lab. I have significantly more research experience and journal publications than the female Research Assistant who was promoted. The female who was promoted received a salary increase, and her total annual salary exceeded my annual salary by $8,000 to $12,000 per year.

Others were promoted as well, but no one who was promoted was an Indian male.

I met with Dr. Niki Millward the week after the department meeting. Dr. Millward told me that she could not give me a promotion or salary increase because she would not be able to guarantee my job in the long run if I was promoted or given a raise. This reason did not make sense as she had promoted other post-doctoral Research Assistants. Her stated reason also contradicted prior representations made to me by the department. I was specifically told in May 2016 that the department would be able to promote me so I could get my green card under the EB1A category.

Around this time, an administrative staff member in the Department made a racially-discriminatory social media posting that I believe was targeted directly at me.

On or about November 21, 2017, I received my annual performance evaluation, but I still was not promoted or given a salary increase.

I continued to work for MD Anderson Cancer Center through May 17, 2017 and Richard and Dr. Millward never promoted me or increased my salary.

## Interference with and Denial of Internal Job Applications

In the timeframe of late September 2016 and early October 2016, I also began to suspect that my applications for other positions had been rejected for improper and discriminatory reasons. I had been told both by my department and Human Resources that I could apply for other positions within MD Anderson Cancer Center. Richard and Dr. Pratip, however, told me to stop applying for jobs within MD Anderson Cancer Center and told me I should instead apply at other institutions in Houston. Also, while I was on vacation, all of my records of my telephone discussions with Human Resources about my applications for qualified positions were deleted. I believe MD Anderson Cancer Center's management intentionally blocked my applications for other internal positions for discriminatory reasons.

## Resignation

In April of 2017, I was targeted for questioning and scrutiny based on my race and gender. I resigned my position on May 17, 2017 because of the discriminatory targeting and hostile work environment.

## Statement of Discrimination

I believe I was discriminated against based on my gender (male) in violation of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code.

# EXTRA SHEET TO THE CHARGE OF DISCRIMINATION OF SRIRAM SARAVANAN SHANMUGAVELANDY

I was hired by the MD Anderson Cancer Center as a Research Assistant on April 13, 2015. I was the only Indian male working in Dr. Nikki Millward's lab.

In 2016, I began requesting a promotion so that I could qualify for MD Anderson Cancer Center to apply for a green card for me under the EB1A ("Alien of Extraordinary Ability") category. I also began applying for other positions within MD Anderson Cancer Center because I was told I could apply for any other positions for which I was qualified.

## Denial of Promotion and Pay Discrimination

On or about September 19, 2016, I attended a department meeting in which the department chair announced departmental promotions.

My Department Manager Marcia Richard, who is a female of Caribbean national origin, and my Lab Director Dr. Niki Millward, who is a Caucasian female, promoted a Korean male Research Assistant, but did not promote me. I significantly more research experience and journal publications than the Korean male Research Assistant who was promoted.

Richard also promoted a Taiwanese female Senior Research Assistant Yu-Hsi-Lin, who worked in Dr. Follenan Muller's lab. I have significantly more research experience and journal publications than the female Research Assistant who was promoted. The female who was promoted received a salary increase, and her total annual salary exceeded my annual salary by $8,000 to $12,000 per year.

Others were promoted as well, but no one who was promoted was an Indian male.

I met with Dr. Niki Millward the week after the department meeting. Dr. Millward told me that she could not give me a promotion or salary increase because she would not be able to guarantee my job in the long run if I was promoted or given a raise. This reason did not make sense as she had promoted other post-doctoral Research Assistants. Her stated reason also contradicted prior representations made to me by the department. I was specifically told in May 2016 that the department would be able to promote me so I could get my green card under the EB1A category.

Around this time, an administrative staff member in the Department made a racially-discriminatory social media posting that I believe was targeted directly at me.

On or about November 21, 2017, I received my annual performance evaluation, but I still was not promoted or given a salary increase.

I continued to work for MD Anderson Cancer Center through May 17, 2017 and Richard and Dr. Millward never promoted me or increased my salary.

## Interference with and Denial of Internal Job Applications

In the timeframe of late September 2016 and early October 2016, I also began to suspect that my applications for other positions had been rejected for improper and discriminatory reasons. I had been told both by my department and Human Resources that I could apply for other positions within MD Anderson Cancer Center. Richard and Dr. Pratip, however, told me to stop applying for jobs within MD Anderson Cancer Center and told me I should instead apply at other institutions in Houston. Also, while I was on vacation, all of my records of my telephone discussions with Human Resources about my applications for qualified positions were deleted. I believe MD Anderson Cancer Center's management intentionally blocked my applications for other internal positions for discriminatory reasons.

## Resignation

In April of 2017, I was targeted for questioning and scrutiny based on my race and gender. I resigned my position on May 17, 2017 because of the discriminatory targeting and hostile work environment.

## Statement of Discrimination

I believe I was discriminated against based on my gender (male) in violation of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code.

# EXTRA SHEET TO THE CHARGE OF DISCRIMINATION OF SRIRAM SARAVANAN SHANMUGAVELANDY

I was hired by the MD Anderson Cancer Center as a Research Assistant on April 13, 2015. I was the only Indian male working in Dr. Nikki Millward's lab.

In 2016, I began requesting a promotion so that I could qualify for MD Anderson Cancer Center to apply for a green card for me under the EB1A ("Alien of Extraordinary Ability") category. I also began applying for other positions within MD Anderson Cancer Center because I was told I could apply for any other positions for which I was qualified.

## Denial of Promotion and Pay Discrimination

On or about September 19, 2016, I attended a department meeting in which the department chair announced departmental promotions.

My Department Manager Marcia Richard, who is a female of Caribbean national origin, and my Lab Director Dr. Niki Millward, who is a Caucasian female, promoted a Korean male Research Assistant, but did not promote me. I have significantly more research experience and journal publications than the Korean male Research Assistant who was promoted.

Richard also promoted a Taiwanese female Senior Research Assistant Yu-Hsi-Lin, who worked in Dr. Follerian Muller's lab. I have significantly more research experience and journal publications than the female Research Assistant who was promoted. The female who was promoted received a salary increase, and her total annual salary exceeded my annual salary by $8,000 to $12,000 per year.

Others were promoted as well, but no one who was promoted was an Indian male.

I met with Dr. Niki Millward the week after the department meeting. Dr. Millward told me that she could not give me a promotion or salary increase because she would not be able to guarantee my job in the long run if I was promoted or given a raise. This reason did not make sense as she had promoted other post-doctoral Research Assistants. Her stated reason also contradicted prior representations made to me by the department. I was specifically told in May 2016 that the department would be able to promote me so I could get my green card under the EB1A category.

Around this time, an administrative staff member in the Department made a racially-discriminatory social media posting that I believe was targeted directly at me.

On or about November 21, 2017, I received my annual performance evaluation, but I still was not promoted or given a salary increase.

I continued to work for MD Anderson Cancer Center through May 17, 2017 and Richard and Dr. Millward never promoted me or increased my salary.

## Interference with and Denial of Internal Job Applications

In the timeframe of late September 2016 and early October 2016, I also began to suspect that my applications for other positions had been rejected for improper and discriminatory reasons. I had been told both by my department and Human Resources that I could apply for other positions within MD Anderson Cancer Center. Richard and Dr. Pratip, however, told me to stop applying for jobs within MD Anderson Cancer Center and told me I should instead apply at other institutions in Houston. Also, while I was on vacation, all of my records of my telephone discussions with Human Resources about my applications for qualified positions were deleted. I believe MD Anderson Cancer Center's management intentionally blocked my applications for other internal positions for discriminatory reasons.

## Resignation

In April of 2017, I was targeted for questioning and scrutiny based on my race and gender. I resigned my position on May 17, 2017 because of the discriminatory targeting and hostile work environment.

## Statement of Discrimination

I believe I was discriminated against based on my gender (male) in violation of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code.