IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SRIRAM SARAVANAN SHANMUGAVELANDY, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-18-4645 |
| § | |
| UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER, § § § § | |
| Defendant. § | |

## ORDER

M.D. Anderson has requested a stay of its responses to the initial discovery protocols pending resolution of its motion to dismiss. (Docket Entry No. 40). The court extended the time for Shanmugavelandy to respond to this motion to February 23, 2019. (Docket Entry No. 38). Without the time extension, the motion to dismiss would have been ripe on January 30, 2019.

A district court "has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Id.*

M.D. Anderson argues that the motion to dismiss might eliminate the need for discovery because it has sovereign immunity and because Shanmugavelandy has failed to state a claim. (Docket Entry No. 40 at 2–3). M.D. Anderson's motion to stay discovery is denied, because the

motion to dismiss does not raise a sovereign-immunity defense or make an argument as to why M.D. Anderson has sovereign immunity. And even if the court finds that Shanmugavelandy has failed to state a claim, he would likely receive an opportunity to amend. The motion to stay, (Docket Entry No. 40), is denied.

SIGNED on February 8, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge